## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2015, 9:36 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amanda R. Lee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 31, 2015

Court of Appeals Case No.
02A05-1409-CR-423

Appeal from the Allen Superior Court
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1403-FB-65

**Bailey, Judge.**

# Case Summary

[1] Amanda R. Lee ("Lee") appeals the aggregate twelve-year sentence imposed following her plea of guilty to Dealing in Methamphetamine, as a Class B

felony,[1] Maintaining a Common Nuisance[2] and Dumping Controlled Substance Waste, Class D felonies,[3] and Possession of Paraphernalia, as a Class A misdemeanor.[4] She presents the sole issue of whether her sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On April 14, 2014, without the benefit of a plea agreement, Lee pled guilty to Dealing in Methamphetamine, Maintaining a Common Nuisance, Dumping Controlled Substance Waste, and Possession of Paraphernalia. She was allowed to participate in the Allen County Drug Program; successful completion would have resulted in dismissal of the charges.

[3] However, on July 21, 2014, the trial court revoked Lee's participation in the alternative program. By that time, Lee had been evicted from Hope House, where she had been living. She had failed to appear at a drug court compliance hearing, she had twice tested positive for methamphetamine, and she had been arrested on a new methamphetamine charge.

---

[1] Ind. Code § 35-48-4-1.1. This statute has been revised, effective July 1, 2014, to provide that Dealing in Methamphetamine is now a Level 2, Level 3, Level 4, or Level 5 felony. We refer to the version of the statute in effect at the time of Lee's offense.

[2] I.C. § 35-48-4-13. The offense is now a Level 6 felony.

[3] I.C. § 35-48-4-4.1. The offense is now a Level 6 felony.

[4] I.C. § 35-48-4-8.3.

[4] On August 27, 2014, the trial court sentenced Lee to twelve years for Dealing in Methamphetamine, two years each for Maintaining a Common Nuisance and Dumping Controlled Substance Waste, and one year for Possession of Paraphernalia. All sentences were to be served concurrently. This appeal ensued.

# Discussion and Decision

[5] Upon conviction of a Class B felony, Lee was subject to a sentence of between six years and twenty years, with ten years as the advisory term. I.C. § 35-50-2-5.[5] Upon conviction of a Class D felony, Lee was subject to a sentence of between six months and three years, with one and one-half years as the advisory term. I.C. § 35-50-2-7.[6] Upon conviction of a Class A misdemeanor, Lee was subject to a sentence of up to one year. I.C. § 35-50-3-2. When imposing the aggregate twelve-year sentence, the trial court found Lee's guilty plea to be mitigating. As aggravators, the trial court recognized Lee's criminal history and failure to benefit from prior rehabilitative measures.

[6] The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a

---

[5] This statutory provision was modified, effective July 1, 2014, to include the penalty for Level 3 felonies.

[6] This statutory provision was modified, effective July 1, 2014, to include the penalty for Level 6 felonies.

sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[7] As to the nature of Lee's offenses, she engaged in the manufacture of methamphetamine; the manufacture took place in a rented residence maintained by Lee; Lee disposed of methamphetamine waste; and she possessed drug paraphernalia.

[8] Lee admitted to her guilt of the foregoing offenses, and this admission reflects favorably upon her character. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). Although Lee claims to be bi-polar, she reported to the pre-sentence investigator that she was not taking medication for a mental health disorder.

[9] By the age of twenty-five, Lee had already compiled a substantial criminal history. She also has a significant history of failure to benefit from rehabilitative efforts short of incarceration.

[10] Lee had a single juvenile delinquency adjudication, for Possession of Marijuana. She violated the terms of her informal adjustment and was placed on juvenile probation. As an adult, Lee compiled two prior felony convictions and four prior misdemeanor convictions. In 2007, she committed Battery and Invasion of Privacy, as Class A misdemeanors. She was placed on unsupervised probation, but her sentence was modified and she was ordered to serve a sixty-day sentence.

[11] In 2008, she committed Invasion of Privacy as a Class D felony. Her suspended sentence was revoked and she was ordered to serve two years on home detention. Her home detention placement was revoked, and she was committed to the Indiana Department of Correction. Also in 2008, Lee committed a second offense of Invasion of Privacy, as a Class D felony. The suspended sentence was revoked and she was incarcerated. In 2012, Lee committed Domestic Battery, as a Class A misdemeanor. In 2013, Lee was convicted of Disorderly Conduct, as a Class B misdemeanor.

[12] Upon Lee's April 14, 2014 plea, she was initially placed into a drug court program. One week later, she missed a scheduled drug screen. On April 23 and April 25, 2014, Lee tested positive for methamphetamine. She was unsuccessfully discharged from Hope House due to non-compliance with program rules. She failed to appear in court on June 16, 2014 and was arrested. On July 11, 2014, Lee was arrested on a new Dealing in Methamphetamine charge.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Affirmed.

Riley, J., and Barnes, J., concur.